FISHER & PHILLIPS LLP
430 Mountain Avenue
Murray Hill, New Jersey 07974
Tel:     (908) 516-1050
Fax:    (908) 516-1051
Attorneys for Defendant

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o CATHERINE STUTZER,<br><br>Plaintiff (s),<br><br>v.<br><br>WELLS FARGO COMPANY; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendant(s). | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br>Civil Action No.:  2:12-cv-04927-WJM-MF<br><br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant, Wells Fargo & Company ("Wells Fargo"), by its undersigned counsel, hereby responds to the Amended Complaint filed by Plaintiff Patient Care Associates, LLC a/s/o Catherine Stutzer ("Plaintiff").

## AS TO THE PARTIES

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.     Defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3.     Except to admit that Wells Fargo conducts business in New Jersey, Defendant neither admits nor denies the allegations contained in paragraph 3of the

Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.

4. Except to admit that Wells Fargo maintains a Wells Fargo & Company Health Plan (the "Plan") for its employees and to refer to the Plan for its contents, Defendant denies the allegations contained in paragraph 4 of the Amended Complaint.

5. Except to admit that Catherine Stutzer ("Stutzer") was a Wells Fargo employee, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in first sentence of paragraph 6 of the Amended Complaint. Defendant denies the allegations contained in second sentence of paragraph 6 of the Amended Complaint.

## AS TO SUBSTANTIVE ALLEGATIONS

7. Except to refer to a true and correct copy of the Plan for its contents, Defendant neither admits nor denies the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 of the Amended Complaint and therefore denies said allegations. Defendant neither admits nor denies the allegations contained in second sentence of paragraph 8 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required. If and to the extent that a responsive pleading is required, Defendant denies said allegations.

9. Defendant neither admits nor denies the allegations contained in paragraph 9 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.

10. Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Except to admit that Plaintiff submitted a bill for services and to refer to the referenced Explanation of Benefits ("EOB"), Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint, except to admit that Plaintiff submitted an appeal with respect to the payment received and to state that Plaintiff failed to exhaust administrative remedies.

13. Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Except to admit that Plaintiff seeks damages by this lawsuit, Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

## AS TO FIRST COUNT
**(Violation of ERISA)**

15. Defendant repeats and realleges their responses to paragraphs 1 through 14 of the Amended Complaint as if set forth at length herein.

16. Defendant neither admits nor denies the allegations contained in paragraph 16 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.

17. Except to admit that the Plan is covered by ERISA and that Wells Fargo is the Plan Administrator, Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Except to admit that Wells Fargo is the Plan Administrator, Defendant neither admits nor denies the allegations contained in paragraph 18 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.

19. Except to admit that Wells Fargo is the Plan Administrator, Defendant neither admits nor denies the allegations contained in paragraph 19 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.

20. Except to admit that Wells Fargo is the Plan Administrator, Defendant neither admits nor denies the allegations contained in paragraph 20 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.

21. Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations in Paragraph 21 of the Amended Complaint and therefore denies said allegations.

22. Defendant neither admits nor denies the allegations contained in paragraph 22 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent that a responsive pleading is required, Defendant denies said allegations.

23. Defendant neither admits nor denies the allegations contained in paragraph 23 of the Amended Complaint as they call for a legal conclusion for which no responsive pleading is required. If and to the extent that a responsive pleading is required, Defendant denies said allegations.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed in its entirety and with prejudice, and that defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

## AS TO SECOND COUNT

29. Defendant repeats and realleges their responses to paragraphs 1 through 28 of the Amended Complaint as if set forth at length herein.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint to the extent that said allegations are asserted against Wells Fargo.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed in its entirety and with prejudice, and that defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without conceding that the Defendant bears the burden of proof as to any issue, Defendant asserts the following defenses to the Plaintiff's Amended Complaint.

## FIRST DEFENSE

Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant asserts that it has acted in accordance with the documents and instruments governing the Plan.

## THIRD DEFENSE

Defendant asserts that Plaintiff's claims are barred because the claims determination was not arbitrary, capricious, unreasonable, or made in bad faith.

## FOURTH DEFENSE

Defendant asserts that Plaintiff has failed to satisfy all conditions precedent to any claim for benefits under the Plan.

## FIFTH DEFENSE

Plaintiff lacks standing to sue.

## SIXTH DEFENSE

Defendant asserts that any liability of Defendant is subject to the terms, conditions, limitations, endorsements, exclusions and effective dates of the applicable Plan documents

## SEVENTH DEFENSE

Defendant asserts that Plaintiff's remedies for any alleged act or omission are limited solely to those provided by ERISA.

## EIGHTH DEFENSE

The alleged assignment of benefits is invalid or unenforceable as against the Plan and/or Defendant Wells Fargo.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

## TWELFTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations or similar time bar.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent plaintiff failed to satisfy administrative prerequisites, if any, and/or exhaust any required administrative remedies prior to bringing this civil action.

## FOURTEENTH DEFENSE

Plaintiff has not stated a valid claim for attorneys' fees or penalties under ERISA.

## FIFTEENTH DEFENSE

Defendant expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon Defendant further undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, defendant respectfully requests that the Amended Complaint be dismissed in its entirety and with prejudice, and that defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

DATED:	December 4, 2012	FISHER & PHILLIPS LLP


By:  s/Kathleen McLeod Caminiti
KATHLEEN McLEOD CAMINITI
FISHER & PHILLIPS LLP
430 Mountain Avenue
Murray Hill, New Jersey 07974
Phone:	(908) 516-1050
Facsimile:	(908) 516-1051
E-mail: kcaminiti@laborlawyers.com

## **CERTIFICATION OF SERVICE**

I hereby certify that I caused to be served this date a true and correct copy of Defendants Answer and Affirmative Defenses to Plaintiff's Amended Complaint by First Class Mail upon:

Andrew R. Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, NJ 07470-6663
Attorney for Plaintiff

DATED:     December 4, 2012          FISHER & PHILLIPS LLP

                              By:     s/Kathleen McLeod Caminiti
                                      KATHLEEN McLEOD CAMINITI
                                      FISHER & PHILLIPS LLP
                                      430 Mountain Avenue
                                      Murray Hill, New Jersey 07974
                                      Phone:       (908) 516-1050
                                      Facsimile:   (908) 516-1051
                                      E-mail: kcaminiti@laborlawyers.com

NewJersey 192717.1